## Eyre's Estate

Before Lamorelle, P. J., Henderson, Van Dusen, and Stearne, JJ., and Niles, P. J., nineteenth judicial district.

*John Lewis Evans* and *Raymond M. Remick*, for exceptants.

*Harry Howard Bent* and *W. LeRoy McKinley*, contra.

LAMORELLE, P. J., May 3, 1935.—When Lydia L. Eyre (second of that name), died in 1934, unmarried and without issue, the sole and separate use trust, with spendthrift clause, created by her mother, Lydia L. Eyre, deceased, of one third of the mother's estate, terminated, and that clause of the mother's will became effective which provided that in such event the estate should be held "then, in trust, to hold the said Third part of my residuary estate (which third part was the subject of this trust) to and for the use of such of my other children as may survive my said daughter Lydia L. Eyre, and the lineal descendants of such of my other children as may then be dead".

Two daughters of Lydia L. Eyre (first of that name), survive, and there are no descendants of deceased children.

The question submitted to the auditing judge was whether the shares of these two surviving daughters were

to be held in trust and added to the shares already held by the trustee for them, or whether the trust, if any, thus recreated was dry. The auditing judge, admitting the question to be arguable, directed that the fund thus released should continue to be held in trust for the two remaining daughters of the original testatrix, at the same time suggesting that the matter was for the court en banc.

We have no hesitancy in ruling that the two surviving daughters are entitled outright in equal shares to the fund in question, and citations of authority for so obvious a decision are unnecessary. While testatrix created three separate and distinct trusts for her three daughters, and while she limited these respective shares to them for life, with clauses that made the trust valid, she made no such restraining provisions for the shares of any of these daughters who should die without leaving descendants, nor is there anything in the will to indicate that these "accrued shares" were to partake of characteristics similar to those mentioned as to original gifts. Moreover, coupling the surviving daughters with their descendants indefinitely, manifested an intention to give outright and not in a hampered trust; in short, it is clear that testatrix intended the original shares to be held by a trustee for the lives of the beneficiaries—and equally clear that she was indifferent as to what any of these original legatees should afterwards inherit.

We are unanimously of opinion (and this includes the auditing judge) that the trust, if any existed, is of such character that as a trust it cannot be upheld, and we award the corpus in equal shares to the two surviving sisters of the cestui que trust, and the income, in excess of such share as goes to the personal representatives of the deceased cestui que trust, in like manner.

The exceptions are sustained and the adjudication, as thus modified, is confirmed absolutely.